# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION
PRODUCTS LIABILITY LITIGATION                                         MDL No. 2814

### TRANSFER ORDER

**Before the Panel**: Plaintiffs in the four actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2814. Defendant Ford Motor Company opposes the motions to vacate and supports transfer.

After considering the parties' arguments, we find that the actions share questions of fact with the actions transferred to MDL No. 2814, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions in MDL No. 2814 involve common factual questions arising out of allegations that the DPS6 PowerShift transmission installed in certain Ford Fiesta and Ford Focus vehicles is defective and negatively affects the drivability, safety, and useful life of the vehicles. *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352-53 (J.P.M.L. 2018). We find that plaintiffs' actions involve the same factual issues. The *Sutton* and *Guardado* actions allege "transmission defects" in 2017 Ford Focus vehicles. The *Hall* and *Rodriguez* actions allege "drivability" problems in 2014 Ford Focus and Ford Fiesta vehicles and, according to Ford's vehicle records, were presented for repairs to the transmission. The vehicles in all actions are equipped with a DPS6 PowerShift transmission, according to Ford's vehicle records.

In supports of their motions to vacate, plaintiffs in all four actions argue that their actions were improperly removed and the transferor courts should decide their motions for remand to state court. Jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs' argument that defendant Ford has engaged in a pattern of baseless removals, inconsistent with the transferee court's prior remand rulings in this docket, likewise does not support

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. For this reason, we deny plaintiffs' alternative request to stay transfer pending rulings on their remand motions by the transferor courts. Moreover, we note that the transferor court in *Guardado* already has denied plaintiff's remand motion.

-2-

vacating the conditional transfer orders. Not only would plaintiffs' argument require that we judge the merit of defendant's removals, but the court best placed to recognize and address any pattern of frivolous removals is the transferee court.[2]

Plaintiffs in *Sutton* and *Guardado* further argue that that their actions are beyond the boundaries of the MDL because the Ford Focus vehicles in the MDL are model years 2012 to 2016, while their Ford Focus vehicles are model year 2017. While the initial transfer order does refer to "Ford Focus model years 2012 to 2016" in a footnote, the common factual questions described by the order are those "arising out of allegations that the DPS6 PowerShift transmission installed in certain Ford Fiesta and Ford Focus vehicles is defective." *See* 289 F. Supp. 3d at 1352. The order proceeds to specifically describe the common factual questions as: "(1) whether the design or manufacturing of the PowerShift transmission is defective; (2) defendant's knowledge of, and conduct in response, to the alleged defect; and (3) whether vehicle owners and lessees have suffered a diminution in value or other economic damages." *Id.* at 1353. Plaintiffs' claims will involve the same factual questions, even though they have 2017 model year vehicles.

Additionally, consistent with the initial transfer order, the MDL already includes other model year vehicles with the DPS6 PowerShift transmission, including the 2017 Ford Focus. As Ford correctly notes, actions involving such vehicles have been included through the transfer of other potential tag-along actions, and the transferee judge has accepted the direct filing of actions involving other model years, such as the 2017 Ford Focus, for inclusion in the MDL.

The *Sutton* and *Guardado* plaintiffs also argue that their actions should not be included because, though their complaints allege a "[d]efective transmission," they do not know whether their vehicles have the DPS6 PowerShift transmission. But Ford has submitted vehicle records documenting that plaintiffs' vehicles are equipped with a DPS6 PowerShift transmission. Should there be a factual dispute over the accuracy of Ford's representation, the transferee court is well-situated to resolve it, and can suggest remand of *Sutton* and *Guardado* if warranted.

The *Sutton* and *Guardado* plaintiffs next argue that their actions should be excluded because they allege non-transmission defects such as engine, battery, and emission defects. However, "the presence of additional facts or differing legal theories" does not prevent the transfer of an action that shares factual issues with those in the MDL. *See, e.g., In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Morever, in this MDL, the Panel already has determined that

---

[2] Plaintiffs in *Hall* and *Rodriguez* request, in the alternative, a "suggestion of remand to accompany Plaintiffs' motion[s] to remand." It appears that plaintiffs are asking the Panel to suggest remand of their actions to state court. Such a determination is beyond the scope of our authority. "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). To the extent plaintiffs are asking the Panel to instruct the transferee court to suggest remand of their actions to their respective transferor courts, the Panel declines to do so, as the actions are appropriate for inclusion in the MDL at this time.

-3-

actions alleging both DPS6 PowerShift transmission defects and "additional problems unrelated to the transmission" are appropriate for transfer. *See* 289 F. Supp.3d at 1352.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable André Birotte, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
Karen K. Caldwell
Chair

Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry         Nathaniel M. Gorton
Matthew F. Kennelly        David C. Norton

IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2814

### SCHEDULE A

<u>Eastern District of California</u>

SUTTON v. FORD MOTOR COMPANY, C.A. No. 2:20-00407 2:20-CV-04675-AB-PVCx
GUARDADO v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:20-00716
2:20-CV-08695-AB-PVCx

<u>Northern District of California</u>

RODRIGUEZ v. FORD MOTOR COMPANY, C.A. No. 4:20-03260 2:20-CV-08697-AB-PVCx

<u>Southern District of California</u>

HALL v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:20-00609
2:20-CV-08698-AB-PVCx

SEP 2 2 2020
I hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

(1099)